IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Al Udeid Marine, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Continental Shipping Agency Inc., <br><br> Defendant, <br><br> and <br><br> Bank of America. N.A., <br><br> Garnishee. | Civil Action No.: <br><br> IN ADMIRALTY |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Al Udeid Marine, Inc. ("Al Udeid") brings this action against Continental Shipping Agency Inc. ("Continental") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of process of maritime attachment and garnishment including against Garnishee and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Al Udeid further brings this action pursuant to 9 U.S.C. §§ 1, 8 for security for arbitration which Al Udeid has initiated against Continental in London pursuant to a vessel charter party between Udeid and Continental as more fully detailed below.

2. Venue is proper in this District because Garnishee can be found in this District and therefore Defendant's property also is located in this District.

3. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

4. Al Udeid brings this action in support of and to secure its claims in London maritime arbitration against Continental which Al Udeid has brought against Continental September 6, 2023.  The Charterparty is controlled by English law.

## The Parties

5. Al Udeid is a company organized under the laws of the Republic of Panama and at all relevant times, was the registered owner of the ocean cargo vessel M/V AL UDEID, IMO 9294965 ("Vessel").

6. Continental is a Florida company and chartered the Vessel.

7. Garnishee is a bank with offices or agents located in this District which on information and belief as detailed below Al Udeid reasonably believes hold accounts or property of and/or owing to Continental.

## Facts

8. Al Udeid agreed by charter party dated June 13, 2023 ("the Charterparty") to charter the Vessel to Continental for ocean voyages to and from the United States and Guyana carrying various cargoes.

9. The Charterparty set out detailed terms for payment including for waiting time for the Vessel ("demurrage" and "laytime") extending the time for return of the Vessel to Al Udeid.

10. On the Vessel's arrival in Guyana the first week of August, 2023 a dispute as to title to the cargo arose between the owner of the cargo aboard the Vessel and the consignee named in the bills of lading.  As a result, the cargo owner commenced Guyana court proceedings against the consignee and the cargo was arrested.   Al Udeid exercised their Charterparty right to

claim a lien on the cargo due to non-payment of the balance freight and demurrage; a third party then arrested the cargo on board, alleging fraud and conversion.  Al Udeid then had to intervene in the Guyana court proceedings to preserve Al Udeid's lien and discharge the cargo, advancing the costs of cargo discharge, even though under the Charterparty these were Continental's obligation.

11. The result that the Vessel was detained at Guyana and not returned to Al Udeid until at least November 23, 2023, resulting in demurrage, laytime, discharge and related expenses of at least $2,085,781.74 due and overdue to Al Udeid under the Charterparty.  Despite repeated demand, Continental has failed to pay Al Udeid as agreed in the Charterparty, and Al Udeid therefore pursuant to the Charterparty initiated London maritime arbitration proceedings against Continental for recovery of the amounts which Continental has failed to pay.

### Specific Allegations - Garnishee

12. Al Udeid has reviewed records, including from its independent investigation, showing that Continental has made recent payments from and keeps accounts with Garnishee Bank of America.  Al Udeid therefore reasonably believes that this Garnishee holds accounts of and owes property of Continental.

### Count I – Breach of Contract – Security for Arbitration

13. Al Udeid repeats the foregoing paragraphs.

14. Continental has breached its maritime contracts with Al Udeid and caused Al Udeid damages, which are subject to London arbitration, for which including contractual attorneys fees, costs, and interest Al Udeid seeks security by way of funds and other property held by Garnishee, as demanded below.

### Count II – Maritime Attachment and Garnishment (Rule B)

15. Al Udeid incorporates the above paragraphs as if fully set forth herein.

16. Al Udeid seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including arbitrators' fees, attorneys' fees, interest and costs.

17. No security for Al Udeid's claims has been provided by Continental or anyone acting on its behalf.

18. Continental cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed to or held for Continental by Garnishee.

### Prayer for Relief

WHEREFORE, Al Udeid prays:

A. That, in response to Count I, as Continental cannot be found within this District and pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to garnish and attach property of Continental including but not limited to, accounts payable owed or to be owed from Garnishee to Continental in the amount of at least **$2,385,781.74** ($2,085,781.74 as detailed above, and an estimated further amount of $300,000 for arbitrators and attorneys fees, interest and costs to the conclusion of London maritime arbitration) (herein, the "Security Amount"), upon that total amount being garnished and attached, this action to be stayed and the amount to await final award in arbitration and judgment entered on such award by this Court;

B. That upon the Security Amount being garnished that this Court stay this action pending the outcome of the London maritime arbitration and on arbitral award being entered for Al Udeid order that upon recognition by this Court such award be paid from the Security Amount;

  C. That such person over 18 years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve Process of Maritime Attachment and Garnishment; and

  D. That this Court award Al Udeid such other and further relief that this Court deems just and proper.

|  |  |
|---|---|
| **Of Counsel** | YOUNG CONAWAY STARGATT & TAYLOR LLP |
| J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle, Suite 230<br>Baltimore, MD 21030<br>Telephone: (410) 783-5795<br>Facsimile: (410) 510-1789<br>jssimms@simmsshowers.com | */s/ Timothy Jay Houseal*<br>_____<br>Timothy Jay Houseal (Del. Bar ID No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6682<br>thouseal@ycst.com |

*Attorneys for Al Udeid Maritime Ltd.*

Dated: December 4, 2023

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers of defendant in this District. There is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on December 1, 2023.

*/s/ J. Stephen Simms*
J. Stephen Simms